## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY WIERCINSKI**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**COLONIAL WAY HOME SERVICES, INC.**, a Delaware corporation, and **ROBERT LARSON**, an individual<br><br>*Defendant.* | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mary Wiercinski ("Plaintiff" or "Wiercinski") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Colonial Way Home Services, Inc. ("Colonial Way") and one of its executives, Robert Larson (collectively, the "Defendants") to stop Defendants' practice of making unsolicited telephone calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Colonial Way provides chimney and woodstove services.

2.      In an attempt to market and sell its services, within a single year, Colonial Way—on information and belief, at the direction and control of Larson—made multiple unsolicited promotional telephone calls to the landline telephones of Plaintiff and the other members of the

putative Class who are registered on the Do Not Call registry, in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.      By making the telephone calls at issue in this Complaint, Defendants caused

Plaintiff and the other members of the Class actual harm, including the annoyance, nuisance, and

invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing

telephone calls.

4.      The TCPA was enacted in part to protect consumers who registered on the Do Not

Call registry from, among other things, receiving more than one unsolicited phone call to their

residential landlines within a 12-month period from any one entity to whom they have not given

prior express consent, and with whom they have not done business, exactly like those alleged in

this case.

5.      In response to Defendants' unlawful conduct, Plaintiff filed this action seeking an

injunction requiring Defendants to cease all unsolicited telephone calling activities and an award

of statutory damages to the members of the Class under the TCPA, together with costs and

reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Mary Wiercinski is a natural person and resident of the Commonwealth

of Pennsylvania.

7.      Defendant Colonial Way Home Services, Inc. is a Delaware corporation with

locations in Pennsylvania, Maryland, and Delaware. Defendant conducts business throughout

this District.

8.      Defendant Robert Larson is an executive of Colonial Way Home Services, Inc.

On information and belief, Larson directly and personally oversaw and approved of the making

of the calls at issue in this Complaint and of Colonial Way's telemarketing policies and activities. Larson is included, solely for the purposes of this Complaint, in the definition of "Colonial Way".

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because Defendants conduct a significant amount of business in this District, solicit consumers in this District, made and continue to make unsolicited calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Colonial Way is registered to conduct business in this District, Defendants conduct a significant amount of business within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

11.     Defendant Colonial Way is a chimney cleaning and woodstove repair business that services consumers on the East Coast. Upon information and belief, Defendants purchases lists of consumers to call without receiving express consent to call such consumers.

12.     Colonial Way has turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a primary method by which Defendants recruits new customers.

13.     Numerous consumer complaints related to Colonial Way's telemarketing can be found online. Consumers have complained of receiving unsolicited telemarketing calls from

Colonial Way from several phone numbers, including (800) 340-9610, (215) 225-4000, and (215) 436-5437.

14.     Colonial Way places repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their phone numbers on the Do Not Call list for the express purpose of avoiding unwanted telemarketing calls like those alleged here. Defendants do not check or "scrub" its numbers against the Do Not Call list, and does not remove from its telemarketing lists the numbers of consumers who are on the Do Not Call list.

15.     Online consumer complaint boards are filled with consumer complaints about Defendants' telemarketing calls:

- They know our last name and claim to be a chimney company... We don't have a chimney so we reported them cause this is like the 500 call from them.[1]
- I keep getting daily calls from this company sometimes twice a day.  I have NEVER contacted them.  They NEVER leave a message.[2]
- I have gotten this call for a long time now. The other night I picked up the man said he was from a Chimney Sweep company and would I like service. I asked him what the name of the company is and a phone number to call back. I then asked him how he got my number, he said he didn't know, I screamed in his ear to stop calling me, I don't need a chimney sweep and the next time you call I am going to report you to everyone and anyone I can think of[3]
- These people claim to be a chimney cleaning service they call from several different number I've told them. Numerous times not interested and they still call I'm certain it's a scam please don't provide them with your information.[4]

16.     At all times material to this Complaint, Defendants were and are fully aware that unsolicited telemarketing calls are being made to consumers' residential landlines through their

---

1 http://800notes.com/Phone.aspx/1-215-436-5437
2 http://800notes.com/Phone.aspx/1-215-225-4000
3 http://800notes.com/Phone.aspx/1-215-225-4000
4 http://800notes.com/Phone.aspx/1-215-225-4000

CLASS ACTION COMPLAINT                    4

own efforts and carried out through their own in-house call center or through a hired third party telemarketer.

17.     Defendants knowingly made (and continues to make) unsolicited telemarketing calls without the prior express consent of the call recipients and knowingly continued to call them after requests to stop. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF MARY WIERCISNKI

18.     On May 20, 2004, Plaintiff registered her landline phone number on the Do Not Call registry so as to avoid unsolicited telemarketing calls.

19.     Starting in or around August 2015, Plaintiff Wiercinski received two calls on her landline telephone from the phone number (215) 436-5437. The operator identified the company as Colonial Way Home Services and asked Plaintiff if Colonial Way could service her chimney. Plaintiff informed the operator that she was not interested in Colonial Way's services.

20.     Plaintiff Wiercinski has received calls from Defendants two to three times per month on her landline for the last several months from Defendants soliciting her for chimney services.

21.     Plaintiff Wiercinski has informed Defendants each time that she has picked up the phone to answer the calls that she is on the Do Not Call registry and not to call her back again.

22.     Plaintiff Wiercinski first started receiving these calls from Defendant prior to 2015.

23.     Plaintiff does not have a relationship with Defendants, has never provided her telephone number directly to Defendants, and never provided prior express consent to receive

Colonial Way's calls to her or offer her its services. Simply put, Plaintiff has never provided her prior express consent to Defendants to place calls to her and has no business relationship with Defendants.

24.     As a result of Defendants' repeated intrusive and unwanted telemarketing calls within a 12-month period, Plaintiff suffered actual harm in the form of annoyance, nuisance, and invasion of privacy.

25.     At the time they called Plaintiff, Colonial Way and Larson were aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

26.     Each time it called Plaintiff after the first call in which she informed them to stop calling, Colonial Way was also aware that it had placed more than one telemarketing call to Plaintiff's number within a 12-month period.

27.     On information and belief, Larson personally directed, oversaw, and approved the above referenced conduct.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and a class defined as follows (the "Class"):

> **No Consent DNC Class**: All persons in the United States who (1) Defendants or their agents called more than one time; (2) within any 12-month period from March 7, 2012 to the present, (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of soliciting products or services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff Wiercisnki.
>
> **Stop Calling Class**: All persons in the United States who (1) Colonial Way or their agents called; (2) after the persons had asked Colonial Way to stop calling them.

Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Colonial Way or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Plaintiff's counsel and Defendants' counsel.

29.     **Numerosity**: The exact size of each Class is unknown and is unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

30.     **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and such questions will be answered based on common evidence. Common questions for the Classes include, but are not necessarily limited to the following:

       (a)     Whether Defendants systematically made telephone calls to members of the No Consent Do Not Call Class who Defendants did not have a current record of consent to make such telephone calls;

       (b)     Whether Defendants systematically made multiple telephone calls to members of the Classes whose telephone numbers were registered with the National Do Not Call Registry;

       (c)     Whether Defendants' conduct constitutes a violation of the TCPA; and

       (d)     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

31.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

32.     **Conduct Common to the Classes as Respective Wholes**. Certification under Rule 23(b)(2) is warranted because in making the calls at issue in this case (ie., in failing to honor the national Do Not Call registry and by neglecting to maintain and use an internal do not call list) Defendants have acted or refused to act on common grounds towards the members of both classes as respective wholes. As such, final injunctive relief and corresponding declaratory relief are warranted.

33.     **Predominance**. The common issues set forth above, together with any additional common issues uncovered in discovery, go to the heart of the case, drive its resolution, and predominate over any individual issues.

34.     **Superiority and Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class

action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured by allowing the Class Members claims to proceed and be adjudicated in a single proceeding.

### FIRST CAUSE OF ACTION
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the No Consent DNC Class)**

35.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

36.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of the regulations, which were promulgated to protect telephone subscribers' privacy rights against unwanted annoying telemarketing calls.

37.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), states that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

39.      Defendants made more than one unsolicited telephone call to Plaintiff within a 12-month period without Plaintiff's prior express consent to receive such calls. Defendants also made more than one unsolicited telephone call to each member of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants, and/or Defendants do not have a current record of consent to place telemarketing calls to them.

Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone calls in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above.

40.     As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
### (On behalf of Plaintiff and the Stop Calling Class)

41.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

42.     47 C.F.R. § 64.1200(d) provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

43.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry and requested to Defendants not to receive any more calls from them.

44.     Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential telephone subscribers after they informed Defendants to stop calling, such as Plaintiff and the Class, and without instituting or maintaining procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. On information and belief, Defendants cannot produce a written policy, available on demand, for maintaining a do-not-call list. Likewise, Defendants failed to inform and train their personnel engaged in any aspect of its telemarketing in the existence and use of any do not call list.

45.     As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

### THIRD CAUSE OF ACTION
#### Alternative Claims for Knowing and/or Willful Violations of 47 U.S.C. § 227
#### (On behalf of Plaintiff and the No Consent DNC Class)

46.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47.     In the alternative to the First Cause of Action, Defendants knowingly and/or willfully initiated, or caused to be initiated, more than one telephone solicitation to residential telephone subscribers such as Plaintiff and the No Consent DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry and who received more than one call within a 12-month period.

48.     Each of the aforementioned calls by Defendants constitutes a knowing and/or willful violation of the TCPA.

49.     As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiffs and the No Consent Do Not Call Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

### FOURTH CAUSE OF ACTION
#### Knowing and/or Willful Violations of 47 U.S.C. § 227
#### (On behalf of Plaintiff and the Stop Calling Class)

50.     Plaintiffs repeat and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51.     In the alternative to the Second Cause of Action, Defendants knowingly and/or willfully called persons who had asked not to be called and knowingly and/or willfully failed to

maintain a written do not call policy and failed to adequately instruct their personnel engaged in any aspect of telemarketing as to the existence and use of such a list.

52.  Each of the aforementioned calls by Defendants constitutes a knowing and/or willful violation of the TCPA.

53.  As a result of Defendants knowing and/or willful violations of the TCPA, Plaintiffs and the Stop Do Not Call Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mary Wiercinski, individually and on behalf of the Class, prays for the following relief:

1.  An order certifying the Classes as defined above, appointing Plaintiff Mary Wiercinski as the representative of the Classes, and appointing her counsel as Class Counsel;

2.  An award of actual and statutory damages;

3.  An injunction requiring Colonial Way and its agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Classes;

4.  A declaratory judgment declaring that Defendants' calls violated the TCPA, that Defendants did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who are registered on the National Do Not Call Registry and scrubbing those numbers from their dialing list;

5.  A declaratory judgment declaring that Defendants did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from Defendants and to stop calling them;

6.  An award of reasonable attorneys' fees and costs; and

7.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MARY WIERCINSKI**, individually and on behalf of class of similarly situated individuals

Dated: March 7, 2016

By: _____
One of Plaintiff's Attorneys

Barry L. Cohen
bcohen@rccblaw.com
Royer Cooper Cohen Braunfeld LLC
101 W. Elm Street, Suite 220
Conshohocken, PA 19428
Telephone: 484-362-2628
Fax: 484-362-2630

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*Motions for admission *pro hac vice* to be filed.